

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00442-CV

_____

IN THE INTEREST OF B.C., A CHILD

On Appeal from the 442nd District Court
Denton County, Texas
Trial Court No. 24-9015-442

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant A.C. (Father)[1] raises an ambiguous challenge to the judgment effectuating his mediated settlement agreement (MSA) with Mother K.A. (Mother) and the Department of Family and Protective Services.[2]  *See* Tex. Fam. Code Ann. § 153.0071.  Father concedes that there was no legal basis for the trial court to refuse to enter judgment on the MSA—none of the narrow exceptions to enforcement applied.[3]  *Cf. id.* § 153.0071(d), (e-1).  Nonetheless, Father asserts that his trial counsel

---

[1]To protect the child's identity, we use aliases to refer to the parents.  *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]The Department originally filed suit to terminate both Mother's and Father's parental rights, but the MSA and judgment did not terminate either parent's rights. Mother has not appealed the judgment.

[3]Specifically, Father concedes that all of the form-related statutory requirements were met—"that the MSA contain[ed] language in bold, all-caps typeface that [it wa]s not subject to revocation and that the parties shall be entitled to judgment on the [MSA]" and that the agreement "contain[ed] the signatures of the parties and the attorneys."  *See* Tex. Fam. Code Ann. § 153.0071(d) (listing form-related requirements for an MSA to be binding).  He further concedes that "no argument was made that would support the [statutory] family violence exception" to enforcement of the MSA. *See id.* § 153.0071(e-1) (authorizing a trial court to decline to enter judgment on an MSA in certain circumstances). And he also concedes that the record "does not show an outright basis for a claim of illegality, fraud, duress, or coercion" and that the MSA "does not violate public policy."  *See In re Bouajram*, No. 02-21-00072-CV, 2021 WL 3673856, at *3–4 (Tex. App.—Fort Worth Aug. 17, 2021, orig. proceeding) (mem. op.) (recognizing "common law 'dishonest behavior' exception [that] allow[s] an MSA to be set aside if it was illegal or if it had been procured by fraud, coercion, duress, or 'other dishonest means'"); *see also Highsmith v. Highsmith*, 587 S.W.3d 771, 777 n.5 (Tex. 2019) (declining to address whether statutorily compliant MSA "may nevertheless be set aside on the ground that it is illegal or was procured by fraud, duress, or coercion").

failed to fully advocate his desire to withdraw from the MSA and that the trial court should have appointed new counsel and set the case "for a contested hearing" on the child's best interest.[4]

It is unclear whether Father intends to complain of ineffective assistance, of the trial court's failure to conduct a hearing to determine the child's best interest, or of some combination of the two. Regardless, both complaints fail for the same reason: "[T]he trial court was required to enter judgment on the [MSA]—and to do so essentially without any judicial oversight or review." *In re G.V.*, 543 S.W.3d 342, 348 (Tex. App.—Fort Worth 2017, pet. denied).

---

[4]Father claims that although his parental rights were not terminated, his rights were curtailed in ways that amounted to "de facto termination" due to his limited contact with his child. Father cites no authority for his concept of "de facto termination." *Cf. In re Lee*, 411 S.W.3d 445, 458–59 (Tex. 2013) (reviewing case in which MSA "mean[t] the child w[ould] have no contact with [the father]" and holding that trial court abused its discretion by independently determining child's best interest and declining to enter judgment on MSA). To the extent that Father urges this court to depart from binding precedent and plain statutory language on this basis, we decline to do so.

## I. Ineffective Assistance[5]

Even if we assume that Father's trial counsel lacked the requisite zeal in her advocacy of Father's desire to withdraw from the MSA,[6] to prevail on an ineffective assistance complaint, Father must show that his attorney's deficient performance "prejudiced" his case, meaning that, "but for counsel's unprofessional error(s), the result of the proceeding would have been different." *In re D.T.*, 625 S.W.3d 62, 73–74 (Tex. 2021); *M.S.*, 115 S.W.3d at 545, 550. Given Father's concession that none of the narrow exceptions to the MSA's enforcement applied, we cannot conclude that a full-throated advocacy of his desire to withdraw from the MSA would have altered the outcome of the case or materially changed the course of the trial court proceedings. The trial court was required to enter judgment on the MSA even if Father had

---

[5]We assume without deciding that Father can raise ineffective assistance even though the Department implicitly abandoned its request for termination when it entered into the MSA. *See* Tex. Fam. Code Ann. § 107.013(a)(1) (providing that, "[i]n a suit filed by a governmental entity . . . in which termination of the parent–child relationship or the appointment of a conservator for a child is requested, the court shall appoint an attorney ad litem to represent . . . an indigent parent of the child"), § 107.016(2) (clarifying that, when an attorney is appointed for a parent in a "suit filed by a governmental entity in which termination of the parent–child relationship or appointment of the entity as conservator of the child is requested," such appointment continues until the suit is dismissed, all appeals "in relation to any final order terminating parental rights" have been exhausted or waived, or the attorney is relieved or replaced by the court); *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003) (holding that "the statutory right to counsel in parental-rights termination cases embodies the right to effective counsel").

[6]Father's trial counsel informed the trial court—in writing and verbally—of Father's desire to withdraw from the MSA and proceed to trial. However, counsel also acknowledged that the MSA was an "enforceable contract[]."

4

changed his mind about it. *See G.V.*, 543 S.W.3d at 348; *see also* Tex. Fam. Code Ann. § 153.0071(d) (establishing that "[an MSA] is binding on the parties" if the form-related requirements are met), (e) (providing that "a party is entitled to judgment on the [MSA]").

## II. Failure to Conduct a Hearing on the Child's Best Interest

Likewise, to the extent that Father complains of the trial court's failure to conduct a hearing on the child's best interest, he cannot show that such failure was an abuse of discretion. Because Father's parental rights were not terminated, the trial court could enter judgment on the MSA without making a finding on the child's best interests, so the trial court need not have entertained evidence on the matter. *G.V.*, 543 S.W.3d at 349–50 (holding that, even though "the Department [originally] pleaded for termination" and "termination was still on the table when the mediation occurred," because the parents' rights "were not [actually] terminated, there [wa]s no [best interest] finding to review, nor did the trial court need to make such a finding" before entering judgment on the MSA); *see Lee*, 411 S.W.3d at 455 (holding that, "when parents have agreed that a particular arrangement is in their child's best interest and have reduced that agreement to a writing complying with [S]ection 153.0071, courts must defer to them and their agreement"). Indeed, conducting such a hearing would have been pointless as the Family Code "does not authorize the trial court to substitute its judgment for the [MSA] entered by the parties unless the requirements [for one of the narrow exceptions] are met." *Lee*, 411 S.W.3d at 453–55 (explaining

5

that the Family Code "foreclose[es] a broad best interest inquiry with respect to entry of judgment on properly executed MSAs" and that "[a]llowing courts to conduct such an inquiry in contravention of the unambiguous statutory mandate . . . w[ould] inevitably harm children"); *see G.V.*, 543 S.W.3d at 347–50.  And again, Father concedes that none of the narrow exceptions to the MSA's enforcement were met.

### III.  Conclusion

Thus, whether we construe Father's challenge to the judgment as an allegation of ineffective assistance, a complaint of the trial court's failure to conduct a hearing on the child's best interest, or both, the challenge fails.  We overrule Father's sole issue and affirm the trial court's judgment on the MSA.  *See* Tex. Fam. Code Ann. § 153.0071(d), (e); Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  January 8, 2026

6